Riley M. JONES, Petitioner,

v.

Honorable W. Lee JOHNSON, Judge of Div. 3 of the 14th Judicial District of Tulsa County, Oklahoma, Respondent.

No. A–13725.

Court of Criminal Appeals of Oklahoma.

July 28, 1965.

 

Riley M. Jones pro se.

No appearance for respondent.

BUSSEY, Presiding Judge.

On the 14th day of June, 1965, this Court in cause number A-13710 entered an order directing that the Presiding Judge of the 14th Judicial District conduct a hearing to determine whether Riley M. Jones entered his plea of guilty in the District Court of Tulsa County, Case No. 20541 freely and voluntarily, or whether such plea was induced by coercion or duress, and further determine whether or not said petitioner was denied any of his constitutional rights in perfecting an appeal to this Court from said judgment and sentence.

Thereafter, Presiding Judge Robert Simms entered an order directing that the petitioner be returned from the penitentiary to the jurisdiction of the Tulsa County District Court for the purpose of conducting a hearing on the matter so raised.

Said cause was assigned to the Honorable W. Lee Johnson, one of the District Judges in and for the 14th Judicial District who, at the request of petitioner, appointed counsel to represent him at said hearing which is to be conducted on July 30, 1965.

Petitioner informed the court that he did not wish to be represented by one of the public defenders of Tulsa County, but submitted the names of several attorneys from which he urged the court appoint counsel to represent him.

Petitioner now seeks an order of this Court directing the Honorable W. Lee Johnson to enter an order appointing counsel, other than one of the public defenders, for said petitioner to represent him in the July 30, 1965 hearing in the District Court of Tulsa County.

Petitioner urges that the appointment of one of the public defenders is not adequate to guarantee said petitioner's constitutional rights to be represented by competent counsel. The petitioner does not state which one of the public defenders has been appointed by the court to represent him, nor does he support his allegation that the pub-lic defender, so appointed, is incapable of providing him adequate representation.

It is readily apparent that the petitioner labors under the belief that an indigent person is not only entitled to be represented by counsel, but that the trial court is bound to select said counsel from a number of attorneys suggested by said indigent defendant. The defendant's belief is incorrect.

Absent some showing that public defender appointed to represent him is not competent, we are of the opinion that the writ prayed for should be, and the same is hereby denied. Writ denied.

NIX and BRETT, JJ., concur.