414 P.2d 958

The STATE of Utah, Plaintiff
and Respondent,

v.

Herbert Ross MONTAYNE, Defendant
and Appellant.

No. 10481.

Supreme Court of Utah.

June 3, 1966.

Jimi Mistunaga, Legal Defender, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

CALLISTER, Justice:

The appellant was found guilty of the crimes of robbery and grand larceny by a jury from which conviction he appeals.

The appellant's motion to suppress certain evidence allegedly obtained by an unlawful search and seizure was denied by the trial court.

The state presented evidence that the owner of a Salt Lake City drug store, Folland Pharmacy, had been robbed on April 19, 1965, by an individual wearing a mask improvised out of a woman's stocking. The robber confronted the owner with a pistol, forced him to open the safe, and took cash, checks, an unknown quantity of narcotics and other merchandise. Mr. Don Christy, another pharmacist employed by Mr. Folland, came to the pharmacy where he found a nylon stocking with a knot and some dark sunglasses in a waste basket. Mr. Christy also noted that the narcotics

had been taken from the safe during the course of the robbery, as well as some picnic bags. The robber apparently gained entrance into the Folland Pharmacy by prying a hole through the roof and into an adjoining wall. Both Mr. Christy and Mr. Folland testified that the narcotics taken from the store were stamped with a special price code.

Laura Anderson, a 19 year old female employee of the pharmacy observed the appellant, Ross Montayne, while she was on her way to work the same morning as the robbery, passing close by him while traversing a field adjacent to the pharmacy. He was carrying three picnic bags allegedly taken from the pharmacy and he was walking fast.

An employee of a car rental company confirmed that the car which appellant was driving when arrested was rented to him under the name of Frank Peterson, and that he failed to return it as promised.

A peace officer said he observed the appellant and his sister driving a new Ford with commercial license plates near Moab, Utah. Knowing he was a parolee, he stopped the car to ask some questions, although not intending to make an arrest. He asked the appellant to show him his driver's license which appeared to have been altered. The officer asked the appellant if he had any guns in the vehicle. His sister said they did and that she would get it. The officer then told appellant's sister that he would get the weapon. He found a loaded .22 caliber and a .357 magnum, the serial number matching that of the gun purchased from the pawn shop and similar in description to the one Mr. Folland thought the robber was carrying.

The officer asked if he could see the registration to the vehicle, but was advised that the vehicle was a rental car. When the officer asked to see the rental contract, he was informed that it was in Moab at appellant's motel room. After learning that appellant hadn't been working recently, Officer Benson asked him to follow the officer into Moab. It was determined that the vehicle was long overdue. Appellant was placed under arrest for car theft.

After arresting the appellant, the officer searched the vehicle, finding, a knotted stocking, dark glasses, sledge hammer, an axe, a crowbar, a small baseball bat, two pistol scabbards, a bag similar to the one taken from the pharmacy, a box of .25 caliber automatic bullets and a box of .22 caliber bullets, all of which was admitted into evidence over appellant's motion to suppress and continuing objection.

Prior to appellant's arrest, his mother found a bag of narcotics in the back seat of her car in Moab. She gave them to her pastor who gave them to the officer. Appellant had visited his mother the morning prior thereto. Several of the bottles

had the same code number as those taken from the pharmacy. On this evidence the jury returned a guilty verdict.

The appellant's main contention is that the trial court erred in admitting testimony relating to the articles found in the car when it was searched. The appellant points to Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), which ruled that a search made subsequent to booking at the police station, after the car had been impounded, was not incident to arrest and warranted suppression of the evidence.

Three questions arise with regard to that case: (1) was the search incident to a lawful arrest? (2) if not, did the appellant have "standing" to object to the unlawful search and seizure? (3) if not incident to a lawful arrest and if the appellant had "standing" to object, was the evidence prejudicial or merely harmless error?

We need not consider questions (1) and (3) because the answer to (2) is dispositive of the case.

In order for appellant to have standing to raise the issue of an unlawful arrest, the sole prerequisite is that he claim a proprietary or possessory interest in the searched or seized property. Simpson v. United States, 346 F.2d 291 (10th Cir. 1965). In Simpson, supra, the Tenth Circuit Court of Appeals gave such standing to a defendant because he claimed "a possessory interest in the car and *his lack of ownership was not established until after the search.*" (emphasis ours) Here, lack of ownership was established with reasonable certainty *before* the search, thus distinguishing it from the Simpson case.

In approaching the problem of standing, the origin and nature of the rule concerning suppression should be noted. Evidence is suppressed or excluded only if the same was obtained by a violation of the Fourth Amendment, designed to protect a person's right to privacy and property. Evidence sought to be excluded is admissible, however, until the accused has established that his rights under the rule have been invaded. Murray v. United States, 333 F.2d 409 (10 Cir. 1964). See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

Therefore, it is entirely proper to require of one who seeks to challenge the legality of a search as a basis for suppressing relevant evidence that he alleges, and if the allegation be disputed that he establish, that he himself was a victim of an invasion of privacy. Under this philosophy, the appellant has no standing because he was not a victim of an invasion of privacy. To give a person standing who neither alleges nor establishes a proprietary nor possessory interest in the car and who, in fact, was without ownership therein, so determined before the search was made, would clearly be an

extension beyond the scope that the constitutional protection was intended to cover.

Courts are diligent in preventing the lowering of barriers which protect the individual liberties of our citizens, but in the exercise of this diligence the personal and property rights of members of the public should not be completely overlooked for the benefit of those who have no regard for either.

■ The appellant says the verdict of guilty on the charge of grand larceny should be dismissed because the appellant was also convicted of the crime of robbery. We agree, since grand larceny is an included offense. State v. Donovan, 77 Utah 343, 294 P. 1108 (1931).

■ The appellant's contention that the trial court erred in allowing the state to present evidence which tended to prove the commission of another, unrelated crime is without merit. The testimony admitted which established that the appellant had embezzled or stolen the car which he was driving at the time of his arrest was relevant to the issue of whether the appellant had standing to object to the unlawful search and seizure and the testimony also tended to show a scheme or plan associated with the principal crime charged. Thus, such evidence was admissible.

■ The appellant's final assault on the trial court's judgment is based on a contention that the trial court erred in admitting into evidence the articles found in the car appellant was driving. They were properly admitted because they tended to show the pattern of the crime committed and connect the appellant to the robbery on the basis of similar modus operandi and intent.

■ Finally, appellant contends it was improper to admit into evidence the bottles containing narcotics which appellant's mother found in her car. The appellant states that although there was evidence that the drugs came from the drug store that was robbed, there was no showing that they were taken during the robbery. This simply is a refusal to acknowledge the extensive evidence to the contrary.

For the reasons above enumerated, we affirm the decision of the trial court, except as to the grand larceny charge, the judgment on the jury's verdict as to that offense being ordered vacated.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.