418 P.2d 488

**Thomas D. DANKS, Plaintiff and Appellant,**

v.

**STATE of Utah, Defendant and Respondent.**

**No. 10513.**

Supreme Court of Utah.

Sept. 28, 1966.

Sheldon A. Vincenti, Ogden, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

The appellant, Thomas D. Danks, a prisoner confined in the Utah State Prison, appeals from a judgment of the District Court of Weber County, denying his application for writ of habeas corpus.

Appellant complains that the trial court erred in not appointing counsel to represent him at the hearing on his motion for a new trial. He had been convicted of the crime of robbery.

At the time of the preliminary hearing in connection with the robbery charge, ap-

pellant was represented by an attorney, Mr. Philip S. Kenny. After the preliminary hearing Mr. Danks asked Mr. Kenny to withdraw from the case. At the time of appellant's arraignment in the District Court, the court appointed Mr. L. G. Bingham to represent him in that court. Mr. Bingham represented Mr. Danks throughout the trial. At the conclusion of the trial, and upon the jury returning a verdict of guilty, appellant then fired Mr. Bingham. At the hearing of the appellant's motion for a new trial, he requested the District Court to appoint another attorney to represent him, which the court declined to do, but did offer to make Mr. Bingham available to assist him, which offer appellant declined.

Mr. Danks then appealed his case to this Court.[1] Upon appeal Walter R. Ellett of Murray, Utah represented the appellant. This Court found the evidence was sufficient as a matter of law to sustain the conviction and affirmed the lower court. Under these circumstances, appellant is in no position to complain about the absence of counsel on the hearing of his motion. There is no obligation on the part of the Court to continue to appoint counsel after the defendant in the case has discharged assigned counsel for no apparent reason. We approve the language in the New Jersey case of State v. Rinaldi.[2]

"It is enough that the attorney assigned to the appeal is qualified to represent the prisoner, and that he has advised with him and done whatever possible to represent him competently. Counsel is not required to dance to the prisoner's tune.

"Those unfortunate enough to be caught up in the web of the law and who, mistakenly or not, consider themselves aggrieved, must disabuse themselves of the notion now prevailing in certain prison circles that they may accept or reject assigned counsel, as whim or scheme dictates. The right to assigned counsel is not the right to pick an attorney of one's own choosing, nor the right to select counsel who will completely satisfy a defendant's fancy as to how he is to be represented."

The judgment of the lower court is affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

---

1. State v. Danks, 10 Utah 2d 162, 350 P. 2d 146.
2. State v. Rinaldi, 58 N.J.Super. 209, 156 A.2d 28; see discussion of this point in

State v. Hines, 6 Utah 2d 126, 307 P.2d 887; People v. Tabb, 156 Cal.App.2d 467, 319 P.2d 656.