492 P.2d 648

STATE of Utah, Plaintiff and Respondent,

v.

Robert M. SHEEN, Defendant and Appellant.

No. 12645.

Supreme Court of Utah.

Jan. 3, 1972.

A. Robert Thurman, Logan, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice:

The defendant was charged in the district court of Cache County with the crime of robbery. After a trial the jury returned a verdict of guilty and the defendant was sentenced to serve a term in the Utah State Prison. He is here seeking a reversal of the conviction or in the alternative a new trial.

On the evening of March 26, 1971, a robbery was perpetrated at a service station a few miles southwest of Logan, Utah. The perpetrators of the robbery were observed by Mr. and Mrs. Charles Ames who stopped to help the participants extricate their automobile from a ditch not far from the service station.

After the crime had been committed the peace officers who investigated the matter showed certain pictures to Mr. and Mrs. Ames and they identified the picture of the defendant from the group. On a subsequent date at the county jail the defendant was taken into a room which had a one way mirror installed in one wall. The only persons in the room were the defendant, a co-defendant, and a peace officer who was known to the witnesses. The witnesses were able to observe the defendant through the mirror and identify him as one of those who was involved.

It is the defendant's contention before this court that the prearranged show-up was in violation of his constitutional rights to be represented by counsel at that time. The difficulty that the defendant faces here is that prior to trial he made a motion to suppress the identification evidence which resulted from the show-up. The court granted the motion and the defendant cannot now complain.

The witness Charles Ames observed the defendant at close range for several minutes while he was assisting the defendant in attempting to get the automobile extricated from the ditch. The fact that Ames was shown a group of photographs from which he was able to pick out the defendant's likeness in no way tended to strengthen or to lessen the basis of his identification of the defendant at the scene of the crime. The record indicates that the auto-

mobile belonged to one of the three participants in the robbery.

 The defendant further complains that the court erred in admitting in evidence a certain pistol. While it was not shown that that particular weapon was used, there was evidence that the gun used in the robbery was of a similar type.

After a careful consideration of all the evidence in the case it appears that the defendant had a fair trial and we perceive no errors committed by the trial court which would justify a reversal. The verdict and judgment of the trial court is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.