516 P.2d 1398

The STATE of Utah, Plaintiff and
Respondent,

v.

Richard Dale YOUNG, Defendant
and Appellant.

No. 13297.

Supreme Court of Utah.

Dec. 14, 1973.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for defendant and appellant.

Sumner J. Hatch, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

Defendant was tried in the District Court of Salt Lake County on a charge of robbery. The jury returned a verdict of guilty and the defendant was thereafter sentenced by the court to serve not less than five years in the Utah State Prison. From the verdict and judgment of the court defendant appeals.

■ On April 8, 1972, the Center Theater at Salt Lake City, Utah, was robbed. During the late evening hours theater manager, Paul Widdis, the cashier, Ann Bischoff, assistant manager, David Benzon, and the doorman, Steven Fellows, were in the theater office. The day's receipts were being counted when there was a knock at the door which was answered by Benzon. When Benzon opened the door a man armed with a gun entered and ordered Widdis to get on his hands and knees and to face the safe. A second man entered the office and was identified by Mr. Benzon as being the defendant, Richard Dale Young. At lineup held on April 11, Benzon stated that he was unable to identify the defendant as being present at the Center Theater on April 8. During the trial the court permitted the prosecutor to examine Benzon on extrajudicial conversations he had with a police officer, and the prosecutor was also permitted to ask Benzon leading questions over the objection of the defendant.

Benzon testified that prior to the robbery he had had conversations where the defendant and others were present during which Benzon stated that it would be easy to rob the theater. Prior to the lineup Benzon had told the police that the defendant was one of those involved in the robbery. Benzon also testified that he had known the defendant for about five years. In view of the prior inconsistent statements and conduct on the part of Benzon it was not error for the court to permit the prosecutor to examine him about prior extrajudicial conversations and to ask the witness leading questions.[1]

■■ The record indicated that a sum in excess of $7,700 was taken from the theater in the robbery. Over the objection of the defendant the prosecutor was permitted to show that the defendant a few days after the robbery paid a bank loan

1. Rules 20 and 63(1) Utah Rules of Evidence; 71 A.L.R.2d 449.

which was in arrears with ten and twenty dollar bills, and that he paid off the loan to a finance company which was not then due. The prosecutor also adduced evidence to show that the defendant had purchased home appliances amounting to several hundred dollars. While the prosecution did not lay a foundation which would tend to show the defendant's financial status prior to the robbery, nevertheless, where the evidence shows that the perpetration of the crime would as the natural consequence tend to improve the financial condition of the perpetrator, the sudden acquisition of money by a defendant may be shown even though the money cannot be identified. The defendant countered by testifying that the money came from an inheritance received by his wife.[2]

█ The defendant urgently contends that the identification of the defendant was unsatisfactory, and that due to the nature of the testimony on that aspect of the case the court erred in failing to direct a verdict of not guilty. It would appear from the record that a person involved in the robbery was disguised to a certain extent, and there were certain discrepancies in the testimony concerning that person's physical characteristics. Nevertheless, Benzon, who had known the defendant for a period of five years, testified that the de-

fendant was one of the two men involved in the crime. Identification by a single witness who had known the defendant for a considerable period of time is sufficient identification to overcome the defendant's objection.[3]

We are of the opinion that the verdict and judgment of the court are amply supported by the record, and we find no grounds on which to base a reversal. The judgment of the court below is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

2. State v. Crowder, 114 Utah 202, 197 P.2d 917; State v. Anderson, 202 Kan. 52, 446 P.2d 844.

3. People v. Ikerd, 26 Ill.2d 573, 128 N.E.2d 12.