**UNITED STATES of America**

v.

**Edward DE FREITAS, Defendant.**

**Crim. No. 75–462.**

United States District Court,
D. New Jersey.

March 30, 1976.

Terence P. Flynn, Asst. U.S. Atty., Jonathan L. Goldstein, U.S. Atty., Newark, N.J., for United States.

Cynthia Matheke, Roger Lowenstein, Federal Public Defender, Newark, N.J., for defendant.

## MEMORANDUM ORDER

BIUNNO, District Judge.

The Federal Public Defender was appointed to represent De Freitas on Feb-

ruary 3, 1976, and has now filed a motion, returnable April 12, 1976, for an order relieving that office as counsel for defendant. A brief history of the matter is necessary to consideration of the motion.

On his arrest on a charge of armed bank robbery, 18 U.S.C. § 2113(a) and (d), De Freitas had the Federal Public Defender appointed to represent him. That appointment was on October 1, 1975.

Thereafter, De Freitas engaged private counsel who represented him. He was unable to make the bail set, which apparently brought his case within the interim provisions of the Speedy Trial Act of 1974, 18 U.S.C. § 3164, as a "90-day case".

Trial began on December 4, 1975, within the required time, but the jury were unable to agree upon a verdict and a mistrial was declared December 12, 1975.

Just before discharge of the jury, retained counsel said on the record that he had been retained to represent De Freitas through trial, and through sentence if convicted, but not beyond; that he was no longer De Freitas' attorney and that De Freitas wished to have counsel assigned. This was, of course, an oral motion during a trial or hearing, F.R. Cr.P. 47, for leave to be relieved as counsel and for assignment of counsel as an indigent under the Criminal Justice Act, 18 U.S.C. § 3006A, as amended. And, see, Local Rule 18, requiring a substitution of counsel before a withdrawal may be allowed.

The court, at that time, directed counsel to check with the Clerk's Office the following Monday to get the name of assigned counsel to be proposed, and arrange with him to have De Freitas fill out an appropriate affidavit on the matter of indigency, and to submit it.

Although counsel agreed to do so, nothing was submitted until January 23, 1976, when an affidavit of indigency was received through retained counsel. On review of the matter, and by memorandum of February 3, 1976, the court appointed the Federal Public Defender to represent De Freitas.

In that memorandum, the court reviewed the status of the case under the Speedy Trial Act, if it applied at all in view of the lodging of a State detainer for parole violation, as well as the propriety of an extension so that the Federal Public Defender might obtain a transcript of the first trial and prepare for retrial, and set the period April 19 to May 17 within which to schedule the retrial.

The current affidavit of the Federal Public Defender discloses that after the appointment of February 3, 1976, De Freitas phoned the defender to say that he did not wish to be represented by that office and had no confidence in it.

Thereafter, on February 19, 1976 an attorney of that office interviewed De Freitas personally, and was told that he would not cooperate in a defense by the Federal Public Defender. Thereafter, De Freitas spoke to Roger Lowenstein, Esq., the Federal Public Defender, and one of his assistants, John McMahon, Esq., and indicated to them that he would not accept any attorney of that office to represent him.

Since then, by letter to the court dated March 16, 1976 and received in chambers March 25, 1976, De Freitas states that he wishes only his former retained counsel to be appointed as his assigned counsel.

The court finds only one reported opinion on this point, by Chief Judge Bazelon of the U.S. District Court for the District of Columbia, *U. S. v. Thompson, et als.*, 361 F.Supp. 879 (D.Ct.,D.C.,1973).

That opinion indicates that, as a general rule, where a defendant has retained counsel and then runs out of money and wishes counsel assigned, the former retained counsel ordinarily will not be appointed. The reason for this is that to do so would be to permit a defendant to select his own assigned counsel, something that is expressly forbidden by all the district plans throughout the country.

Chief Judge Bazelon then ruled that in those cases where retained counsel is to be considered for appointment, both the retained attorney and the defendant should make a full disclosure to the court of the pertinent facts. With that full disclosure there should be a statement by retained counsel that he is willing to accept appointment on a basis that will compensate him at Criminal Justice Act rates for allowable items under the Act for all his services and expenses from the time he was first engaged, less the total amount received as retained counsel. There should also be a showing by retained counsel of the reasons why substitution of the Federal Public Defender would work to defendant's disadvantage.

It should also be observed that this is not a "complex" case warranting compensation beyond the statutory limits. It is an armed bank robbery case in which the main evidence against defendant is composed of eyewitness identification, a claim of flight the day after the robbery, and testimony of conversations in an attempt to induce another to join defendant in committing the robbery. Aside from the usual matters of attacking credibility, the main defense is alibi, with a number of witnesses to support that claim.

█ The Federal Public Defender and his staff are highly competent and experienced in the defense of criminal cases, not only from their work in that office but in the New Jersey Public Defender's Office from which they were drawn. That system is the oldest and most experienced in the country, going back to 1963 on an experimental basis in Essex County, to a full-fledged statewide system since 1967. The court cannot accept defendant's bare assertion that he lacks confidence in the office of the Federal Public Defender, and that he will not cooperate with any attorney in that office as representing anything other than a deliberate attempt to select his own assigned counsel.

In its memorandum of February 3, 1976, the court ruled that the time from December 12, 1975 to February 3, 1976 was excludable time under the Speedy Trial Act of 1974 because of the pendency of the oral motion of December 12, 1975, on which papers were not received until January 23, 1976, and advisement of that motion from then until February 3, 1976, if that Act applies at all.

█ The court now finds that the elapsed time since February 3, 1976 until submission of papers (to be listed below) and determination of the present motion is also excludable time, if the Act applies, first because the defendant has effectively made himself "unavailable" by his recalcitrant refusal to work with the Federal Public Defender, already assigned, to prepare for retrial, and because of the pendency of the present motion. In his letter to the court De Freitas complains of delay, but the delay is due entirely to his own recalcitrance, 18 U.S.C. § 3161(h)(3).

Retained counsel is directed to prepare and submit to the court the following papers:

1. A copy of his retainer agreement, as required to be kept under N.J. Court Rule R. 1:21–6(b);

2. An itemized statement of all payments received in connection with the case, giving the date and amount of each payment, the name of the person making the payment and the medium of payment;

3. An itemized statement of all services rendered and expenses paid or incurred, in the same form and detail as is required for vouchers of counsel under the Criminal Justice Act, indicating separately the time in court and the time out of court;

4. A statement of the reasons why representation of De Freitas by the Federal Public Defender would work to the disadvantage of De Freitas;

5. An affidavit of De Freitas verifying items 1, 2 and 3 to the extent of his knowledge thereof;

6. A statement of retained counsel that, if appointed, he will accept payment for services and expenditures to

**244**

the extent allowable under and at the rates set by the Criminal Justice Act for a case that is not "complex", for all services and expenditures heretofore rendered or incurred, or hereafter to be rendered or incurred in this case, after deducting from the total so allowable all payments received as retained counsel, any excess to be paid to the Clerk of this court to be held subject to the provisions of 18 U.S.C. § 3006A(f): and see, Guidelines for the Administration of the Criminal Justice Act, II C–3c (September 16, 1974).

The foregoing materials are to be submitted on or before April 12, 1976 (the return day of the motion). The court will thereupon evaluate the submission and arrive at a disposition as soon as feasible. The papers submitted are to be sent to the court at chambers under seal and are not to be filed or served except as the court may order.

■ It remains to consider De Freitas' claim that his present federal custody with a State detainer against him precludes his receiving credit for time served on his State sentence. This is a matter involving State law on which this court cannot rule. Conceivably, he can ask the State Parole Board for a hearing on whatever charges may be pending for parole violation, and the usual arrangements between the jurisdictions can be made for his appearance there. In the event that those proceedings culminate in a revocation of parole, proceedings can be had here for his remand to State custody to serve his sentence, subject to a detainer for the pending federal charge.

That aspect, of course, is to be handled by his counsel; the court cannot serve as De Freitas' attorney. At the moment, his assigned counsel is the Federal Public Defender in this court, and that office can cooperate with the New Jersey Public Defender or whoever else undertakes to handle the request for hearing and hearing before the Parole Board.

SO ORDERED.