STATE of Utah, Plaintiff and Respondent,

v.

Brent Jay SESSIONS, Defendant and Appellant.

No. 15617.

Supreme Court of Utah.

July 17, 1978.

Carolyn Nichols, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Appellant Sessions appeals from a conviction of burglary, a felony of the third degree. We affirm.

During the night of September 15, 1977, a Salt Lake City service station was burglarized. Several items were taken including a portable television, sixty to eighty pounds of frozen meat, and twenty vehicle safety inspection stickers. On September 22, 1977, a search warrant on appellant's apartment was issued after a deputy sheriff executed an affidavit based on information supplied by a confidential informant. The search of the apartment resulted in recovery of a portable television, twenty pounds of frozen meat and five inspection stickers, all identified as being objects stolen from the service station. In response to the deputy sheriff's questions, appellant said the television belonged to a friend, and appellant's roommate, one Dabbs, said he was an "investor", referring to the inspection stickers. Both men were arrested, tried without a jury, and convicted. Dabbs was placed on probation and does not appeal here. Appellant was sentenced to serve five years in prison, the sentence to run concurrently with another sentence he was then serving.

█ Appellant's first allegation of error relates to the trial court's denial of his motion to sever the information against the joint defendants and to order separate trials. The sole basis of this claim is that Dabbs' statement ("I am an investor") would incriminate the appellant and deny him his right to cross-examine Dabbs. If the statement made by Dabbs could reasonably be construed to be a confession, appellant's claim may well have merit;[1] however, the statement clearly is not a confession and furthermore there has been no showing as to how Dabbs' statement was prejudicial to appellant.

█ The second claim is that the court erred in denying appellant's motion to compel discovery and in refusing to order the state to disclose the name and address of the confidential informant. Basically, the argument is that Dabbs' statement implies that Dabbs purchased the stickers from the informant. The flaw in this argument is that there was no evidence introduced to connect the informant with the offense in any way. A defendant may not compel disclosure of an informant's identity to contest the probable cause for the issuance of a search warrant.[2] Also, the State has a privilege to refuse to disclose the identity of an informer unless the trial court finds that his identity is essential to assure a fair determination of the issues.[3] The court properly concluded that based on the evidence before it, the informant's identity would not materially aid the defense.

The third claim of error is that the evidence obtained pursuant to the search warrant should have been suppressed, the allegation being that the affidavit was constitutionally invalid. Appellant complains that the affidavit fails to set forth any underlying circumstances or any reason or information that the informant was credi-

ble or his information reliable as required by *Aguilar v. Texas*.[4] The court below ruled that the party making a motion has the burden of going forward and that a defendant must submit some evidence in support of his motion to suppress or the motion would be denied. This is consistent with this court's ruling in *State v. Montayne*[5] which makes the following observations:

Evidence is suppressed or excluded only if the same was obtained by a violation of the Fourth Amendment, designed to protect a person's right to privacy and property. Evidence sought to be excluded is admissible, however, until the accused has established that his rights under the rule have been invaded. (Citations omitted).

Therefore, it is entirely proper to require of one who seeks to challenge the legality of a search as a basis for suppressing relevant evidence that he alleges, and if the allegation be disputed that he establish, that he himself was a victim of an invasion of privacy.

█ In the case now before us, although the appellant had been served with both affidavit and search warrant, they were never offered into evidence. In such a case the search must be presumed valid,[6] and the evidence thereby obtained was properly admitted.

The fourth point on appeal challenges the application of the presumption of U.C.A., 1953, 76–6–402, which provides as follows:

Possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

This court has previously held that the same inferences can be drawn from the possession of recently stolen property in a

---

1. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

2. *State v. Bankhead*, 30 Utah 2d 135, 514 P.2d 800 (1973).

3. Rule 36, Utah Rules of Evidence.

4. 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

5. 18 Utah 2d 38, 414 P.2d 958, cert. denied, 385 U.S. 939, 87 S.Ct. 305, 17 L.Ed.2d 218 (1966).

6. *United States v. Various Gambling Devices*, 478 F.2d 1194 (5th Cir. 1973).

burglary case as in a larceny case.[7] Whether the statute can be said to apply here depends upon whether the evidence explains away the possession to the satisfaction of the trier of fact. The question is therefore reduced to one as to the sufficiency of the evidence which is appellant's final challenge to his conviction.

The record shows appellant was found in possession of goods taken during a burglary seven days earlier. He offered no explanation as to his possession of the stolen property, except to state that the television belonged to an unnamed friend. The owner did not know appellant nor give him permission to use the television. As this Court has previously stated:

> . . . possession of articles recently stolen, when coupled with circumstances inconsistent with innocence, such as . . . making a false or improbable or unsatisfactory explanation of the possession, may be sufficient to connect the possessor with the offense of burglary and justify his conviction of it.[8]

We are convinced that the evidence was sufficient to convict appellant and hereby affirm the trial court's judgment.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

7. *State v. Kirkman*, 20 Utah 2d 44, 432 P.2d 638 (1967).

8. *State v. Thomas*, 121 Utah 639, 244 P.2d 653 (1952).