STATE of Utah, Plaintiff and Respondent,

v.

Albert Jack SORRELS, Defendant and Appellant.

No. 17433.

Supreme Court of Utah.

Feb. 11, 1982.

---

Brooke Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from convictions by a jury of aggravated kidnapping,[1] forcible sodomy,[2] and aggravated sexual assault[3] on a 17 year old girl.

The defendant admitted having intercourse with the girl, but testified it was consensual and without force. He also testified she accepted a ride in his car, in which the events charged took place.

Defendant claims reversible error because 1) the trial court refused him the right to cross examine the complaining witness about inconsistent statements she had made to a rape crisis volunteer as to the source of her knowledge about sex, and 2) the prosecutor wrongfully commented on defendant's post-arrest silence.

The first error urged was that the girl testified she first learned of sex from her "mom," but had told a rape crisis volunteer she had experienced sexual intercourse six months before. Defendant then took the position he could test her credibility by asking if she had not learned of sex before her "mom" told her. It is difficult to determine how the pursuit of such line of questioning would make any difference, particularly in view of the wealth of believable evidence presented to the jury. Admissible

1. U.C.A., 1953, 76–5–302.

2. U.C.A., 1953, 76–5–403.

3. U.C.A., 1953, 76–5–405.

or not, however, it could have been no more than harmless error, in light of the generally accepted and statutory rules[4] allowing considerable latitude in testing the credibility of a witness.[5] We do not consider the claimed error as being so meritorious or of sufficient moment to justify a reversal.[6]

The second assignment of error is that the prosecutor "commented" on defendant's post-arrest silence, resulting in an unfair and therefore reversible trial. The authorities generally frown upon, and render reversible, comments as to defendant's not taking the witness stand or remaining silent after an arrest. This is consistent with the principle that one need not give evidence against himself.

There is no quarrel with the principles enunciated in defendant's cited authorities,[7] which carry great weight in protecting an accused's common law and statutory rights. In the instant case, however, the questions asked by the prosecutor were not the insinuating type that the cases disavow, but were questions asked on cross examination, *after* the defendant himself had provoked the prosecution to question on cross examination. The defendant was asked by his own attorney on direct examination if anyone had approached him to get his version of the incident, to which he answered, "No." Then in answer to his own attorney's later question, defendant said he first told his attorney shortly before preliminary examination, that he was telling the truth, and that "I haven't had a chance to say anything before to try and prove my innocence." If such testimony were held not to be subject to testing by cross examination,

a strong and perhaps false inference as to innocence would have gone unquestioned.

The prosecutor then asked if defendant ever volunteered information to anyone else, including the county attorney or the police, to which he answered, "No." On being asked if he had had an opportunity to have done so, he answered, "Yes."

■ There is nothing irregular about trying to straighten out something in the record, if a prosecutor is confronted with a voluntary statement of an accused who has taken the witness stand, having waived some erstwhile privileges or immunities, by asking questions to test the credibility of the witness. Even in the *Doyle* case cited by defendant is found the following significant language:

It goes almost without saying that the fact of post arrest silence could be used by the prosecution to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest. In that situation, the fact of earlier silence would not be used to impeach the exculpatory story, but rather to challenge the defendant's testimony as to his behavior following arrest.

It has also been said in *Raffel v. United States*,[8] that:

The immunity from giving testimony is one which the defendant may waive by offering himself as a witness ... [But] having once cast aside the cloak of immunity, he may not resume it at will, whenever cross examination may be inconvenient or embarrassing.

---

4. U.C.A., 1953, 78–24–1, but see Rule 45, Utah Rules of Evidence.

5. *State v. Young*, 30 Utah 2d 280, 516 P.2d 1398 (1973).

6. There should be no reversal of a conviction merely because of error or irregularity, but only if it is substantial and prejudicial in the sense that in its absence there is a reasonable likelihood that there would have been a different result. *State v. Hodges*, 30 Utah 2d 367, 517 P.2d 1322 (1974).

7. *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Griffen v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

8. 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926).

Furthermore, in one of our own cases, *State v. Urias*,[9] the following statement fits and disposes of the defendant's second point on appeal:

It is significant that there is no indication that the prosecutor made any attempt to use that fact to cast any inference of guilt on the defendant, nor to persuade the jury to do so.

■■ As a matter of protecting the public interest, a prosecutor would ignore his duty if he did not take issue with a remark he did not solicit, that professes innocence. It was the prosecution's duty to clear up discrepancies manufactured by the defendant, so as to give the jury full opportunity for deliberation without speculation.

The jury and verdict are affirmed.

STEWART, J., dissents.

DURHAM, J., does not participate herein.