**STATE of Utah, Plaintiff and Respondent,**

v.

**John O. WULFFENSTEIN, Defendant and Appellant.**

No. 17908.

Supreme Court of Utah.

Dec. 6, 1982.

Certiorari Denied March 21, 1983.
See 103 S.Ct. 1443.

John O. Wulffenstein, pro se.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals, pro se, from his conviction by a jury of aggravated robbery in violation of U.C.A., 1953, § 76–6–302(1)(a). He challenges the sufficiency of pre-trial identification and the exclusion in the trial court of evidence pertaining to his alibi.

At or around noon on March 11, 1981 Carl Casperson, the store manager, and Mary Ann Ricks, his clerk-typist, were the only employees on the premises of Prescription Center North pharmacy in Ogden, Utah. There were no customers in the store. Two men entered and one of them asked for "super glue." Casperson directed the two men to a store on the next block as the pharmacy did not carry any. At this point the defendant pulled a gun, ordered Casperson and Ricks to the back of the store and asked for narcotics and drugs. Casperson told him those items were stored in a cabinet at the front of the store and showed him that the safe contained some rolls of coins only. Those rolls later were missing. Defendant then ordered Casperson and

Ricks, still at gunpoint, to return to the front of the store and the other man scooped items of narcotics from the cabinet into a large bag. The bag tore, spilling some of its contents, and defendant picked up some of the scattered drugs and stuffed them into his pockets. The men then fled after warning Casperson and Ricks not to do anything or they would be killed.

After the police had been summoned, Casperson and Ricks gave a brief description of the two men. Later that day a detective showed them mug shots, including one of the defendant taken approximately a year prior to that date. Neither Casperson nor Ricks was able to identify the defendant from that mug shot. The following day, both Casperson and Ricks gave a written statement to the police describing the assailants in detail.

The day after the robbery, the defendant was arrested in Evanston, Wyoming, after someone complained of a prowler. Wyoming police observed defendant weaving in the road, oblivious to traffic, and wearing no shoes and socks in very cold, windy weather. He was arrested for public intoxication and was searched. A bulk prescription bottle of narcotics marked "Prescription Center" and loose pills of the type taken from the pharmacy were found in his pockets.

On March 19, 1981, eight days after the robbery, defendant appeared in a lineup with five other white males. Ricks positively identified the defendant. Casperson positively identified defendant and tentatively identified another man as the robbers on March 11. It is not clear from the evidence whether Casperson thought he was supposed to identify two men as he claims, or whether he could not decide between the defendant and the other man, as the detective conducting the lineup originally assumed.

Both Casperson and Ricks made positive identification of the defendant at the pretrial conference as well as at trial.

The defendant's main contention is that Casperson's failure to inform the officers immediately after the robbery that the gunman wore a mustache, and the failure of both Casperson and Ricks to mention that he had a mole in the middle of his chin, gave rise to "a very substantial likelihood of irreparable misidentification." Defendant argues that those two marks of identification should have been recognized by them when they were asked to find the defendant in the book of mug shots. He also stresses as highly contradictory the fact that Casperson initially told police that the gunman had black hair when in fact the defendant's hair was brown. A red baseball cap with a *black* band and an imprint of an insignia was introduced into evidence as belonging to the defendant. It had been described by Casperson as a red and *white* baseball cap with an insignia. Defendant claims that the descriptive details were inconsistent and could have led to misidentification. We have reviewed the record and find no basis for this claim.

*Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) is the seminal case which first established constitutional guidelines for out-of-court identification. Under Stovall, the confrontation must be "so unnecessarily suggestive and conducive to irreparable mistaken identification" before it denies a defendant due process of law. The "totality of the circumstances" must be viewed to test a claim of violation of due process. *Id.* at 301, 302, 87 S.Ct. at 1972. The composition of that totality of circumstances was rapidly expanded in subsequent cases. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) sanctioned identification through photographs. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) reaffirmed isolated show up and voice recognition allowed in Stovall as permissible identification. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) allowed identification through one single photograph and stressed the reliability of identification as the linchpin to a determination of admissibility.

Applying the factors cited in those cases to the case on review, the jury had before it evidence that Casperson and Ricks

had observed the defendant at close range for a period of some five minutes under excellent lighting conditions. The defendant matched closely the description given by Ricks immediately after the robbery. Within eight days after the robbery, Ricks identified the defendant at the lineup. Casperson's identification matched closely that of Ricks. The minute divergence of his description would certainly not reach a level so as "to give rise to a very substantial likelihood of irreparable misidentification", Simmons supra, at 384, but would merely go to the weight of the evidence. Manson, supra.

This state has from the beginning aligned itself with the constitutional guidelines set by Stovall and its progeny and it continues to do so today. See *State v. Perry,* 27 Utah 2d 48, 492 P.2d 1349 (1972); *State v. Malmrose,* Utah, 649 P.2d 56 (1982).

In light of our holding that the out-of-court identification of defendant met in all respects the guidelines set by constitutional requirements and by this Court, we next address the issue of whether the in-court identification of defendant made by Casperson and Ricks should have been suppressed. There was nothing improper about the out-of-court identification to require independent in-court identification of the defendant, although the trial record reveals that that was done.

Both victims compared the appearance of the defendant on the day of the trial with that on the day of the robbery. Both commented upon his dancing gait. Both gave their mnemonic impressions of his demeanor during the holdup and positively identified him as the gunman. Thus, even were we to hold (which we do not) that the out-of-court identification should have been suppressed, the in-court identification was sufficient for the jury to find that the victims' courtroom identification "rested on an independent recollection of [their] encounter with the assailant, uninfluenced by the pre-trial identifications ..." See *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

Whatever divergence existed between Casperson's and Ricks' in- and out-of-court identification had to be weighed and determined by the jury and went to the credibility of the witnesses, not to the issue of admissibility. *State v. Casias,* Utah, 567 P.2d 1097 (1977); *State v. Wilson,* Utah, 565 P.2d 66 (1977). It is not our province to measure conflicting evidence, credibility of witnesses, nor the weight to be given the one or the other. That responsibility belongs strictly to the trier of fact. *State v. Logan,* Utah, 563 P.2d 811 (1977), and the cases cited therein. The evidence before the jury in this case was substantial so that it could have properly arrived at a verdict of guilty beyond a reasonable doubt.

Appellant's argument that there was insufficient evidence to link the drugs found on his person to the robbery at the Prescription Center North pharmacy must be rejected for the same reason as his argument that there was likelihood of misidentification. The jury heard Casperson testify that his pharmacy was missing a bottle of Seconal pills after the robbery. The only other pharmacy from which this bottle could have been taken (Prescription Center pharmacy in a medical center on 25th Street in Ogden) was not missing any Seconal pills. The bottle found on defendant was part of the inventory of missing drugs made by Casperson and Ricks after the robbery. Defendant's argument that it could have been stolen in any one of previous robberies went to the credibility, not to the admissibility of the evidence. Again, "[i]t is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses, and it is not within the prerogative of this Court to substitute its judgment for that of the fact-finder." *State v. Lamm,* Utah, 606 P.2d 229, 231 (1980).

Appellant next contends that evidence of alibi was improperly suppressed in the trial court and that the prosecution and his own attorney entered into a stipulation that certain hearsay evidence given by a witness (now deceased) could not be used at trial. This issue was not raised for determi-

nation by the trial court and does not appear in the record. When a defendant predicates error to this Court, he has the duty and responsibility of supporting such allegation by an adequate record. Absent that record, defendant's assignment of error stands as a unilateral allegation which the review court has no power to determine. This Court simply cannot rule on a question which depends for its existence upon alleged facts unsupported by the record. See *State v. Jones* (1982), 657 P.2d 1263, and cases cited therein. See also *McBride v. State,* Alaska, 368 P.2d 925, 929 (1962), cert. denied, 374 U.S. 811, 83 S.Ct. 1702, 10 L.Ed.2d 1035 (1963).

The verdict below is affirmed.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.