The STATE of Utah, Plaintiff and Respondent,

v.

Victor Lazcano GARDEA, Defendant and Appellant.

No. 19746.

Supreme Court of Utah.

Nov. 18, 1985.

---

7. *See State v. Saunders,* Utah, 699 P.2d 738, 741 (1985); *State v. Forsyth,* Utah, 641 P.2d 1172, 1175 (1982).

Thomas A. Mitchell, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Defendant Victor Gardea was convicted in the district court of retail theft. He appeals on the ground that the court violated his sixth amendment right to compulsory process by permitting the federal government to deport a material defense witness before trial. We affirm.

On September 2, 1983, a Sears, Roebuck & Co. security guard noticed two individuals enter the menswear department of the store carrying a large, gift-wrapped box. The guard watched as one of the individuals (subsequently identified as Mr. Guillermo) held the box open while the other (identified by the guard as defendant) took approximately $287 worth of merchandise from a rack and placed it in the box. At that point, the guard summoned a supervisor. Guillermo left the store carrying the box, and was followed by both the guard and her supervisor. After helping apprehend Guillermo, the guard returned to the menswear department just as defendant was leaving the department. The guard followed defendant out of the store, stopped him, and returned with him to the store.

Guillermo, a deportable alien, pleaded guilty at his preliminary hearing to a charge of retail theft. At defendant's preliminary hearing, Guillermo testified that defendant was not the person who had helped take the merchandise, although defendant resembles that person. This testimony corroborated defendant's testimony that he was in the store but was not involved in the theft. Before trial, Guillermo was released, pursuant to court order, to the federal immigration officials and was subsequently deported.

Prior to trial, defendant moved to dismiss this action. He argued that he had moved the court at preliminary hearing to ietain Guillermo pending trial, but that the motion had been denied. He further contended that the state's action in permitting Guillermo's deportation denied defendant his right to compulsory process. No record of the motion to detain, its denial, or the reasons for the denial was produced in support of the motion to dismiss, nor has such a record been produced on appeal.

The district court denied defendant's motion to dismiss because Guillermo's testimony at preliminary hearing had been recorded and could therefore be placed into evidence. The testimony was read to the jury at trial.

Defendant now renews the claim that his right to compulsory process has been denied. He argues that the jury was deprived of the ability to assess the credibility of Guillermo's exculpatory testimony by observing his demeanor, and that such evidence would have been material and favorable to the defense.

■■■ A defense witness's failure to appear at trial does not deprive a defendant of his right to compulsory process unless it is caused by a unilateral government act. *United States v. Hernandez-Gonzales*, 608 F.2d 1240 (9th Cir.1979) (alien witness not deported, but able to procure release through trickery). If defendant's act or negligent omission joins with that of the state to make the witness unavailable, the defendant's right is not violated. *Cf. United States v. Castillo*, 615 F.2d 878, 882 (9th Cir.1980) (defendant had a reasonable time to interview alien before deportation but failed to do so); *United States v. Avila-Dominguez*, 610 F.2d 1266, 1268–69 (5th Cir.1980) (defendants could have preserved testimony but failed to follow up on initial inquiry), *cert. denied*, 449 U.S. 887, 101 S.Ct. 242, 66 L.Ed.2d 113 (1980). Therefore, defendant's appeal depends on his claim that he made a timely motion to have Guillermo detained pending trial. Defendant has failed to substantiate that claim by producing a record of the motion assertedly made at preliminary hearing.

This Court has repeatedly held that a defendant must support his claim of error

with an adequate record of the facts on which the claim is based. *State v. Wulffenstein,* Utah, 657 P.2d 289, 293 (1982), *cert. denied,* 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983); *State v. Jones,* Utah, 657 P.2d 1263, 1267 (1982); *Whetton v. Turner,* 28 Utah 2d 47, 497 P.2d 856 (1972), *cert. denied* 414 U.S. 862, 94 S.Ct. 81, 38 L.Ed.2d 112 (1973); *State v. Hamilton,* 18 Utah 2d 234, 419 P.2d 770 (1966). As we said in *State v. Jones:* "The burden of showing error is on the party who seeks to upset the judgment. In the absence of record evidence to the contrary, we assume regularity in the proceedings below, and affirm the judgment." 657 P.2d at 1267 (citations omitted).

The judgment is therefore affirmed.

HALL, C.J., and HOWE, STEWART and ZIMMERMAN, JJ., concur.