The STATE of Utah, Plaintiff
and Respondent,

v.

John Orin WULFFENSTEIN,
Defendant and Appellant.

No. 19774.

Supreme Court of Utah.

Feb. 6, 1986.

Rehearing Denied Feb. 2, 1987.

Curtis C. Nesset, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant John O. Wulffenstein appeals his conviction of aggravated robbery of drugs from a pharmacy. Defendant previously appealed without counsel to this Court, and we affirmed his conviction. *State v. Wulffenstein*, Utah, 657 P.2d 289 (1982), *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983). Following our affirmance, defendant obtained a writ of habeas corpus and was resentenced in order that he could again appeal but with the "effective assistance of counsel."[1] We again affirm defendant's conviction.

---

1. *State v. Johnson,* Utah, 635 P.2d 36 (1981); *see also Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

The facts which form the basis for and support the jury's verdict are set forth in our prior decision and are not reiterated here. 657 P.2d at 291. Defendant argues on this appeal that (1) he was unconstitutionally denied the right to counsel at his arraignment and preliminary hearing; and (2) the court erroneously admitted into evidence pills and miscellaneous drugs taken from defendant at the time of his arrest. These issues were not raised by defendant in his previous appeal.

At his arraignment and preliminary hearing, defendant was offered and refused the appointment by the court of counsel from the public defender's office. Defendant rejected the court's appointment of public defenders because, he claimed, they were incompetent and he had no faith in them. Defendant had no prior experience with the attorney appointed by the court, but based his conclusion upon a prior unrelated experience with a different public defender's office and upon the opinions of others. Defendant demanded that the court appoint private counsel to satisfy his constitutional right to counsel. Upon the court's refusal to do so, defendant appeared at the pretrial proceedings without representation of counsel. However, defendant was represented at the time of trial by an attorney from the public defender's office, acting as co-counsel.

■ An accused is entitled to employ counsel of his choice, and if indigent and unable to obtain his own counsel, he is entitled to representation by a court-appointed attorney. *Webster v. Jones*, Utah, 587 P.2d 528 (1978). But, he does not have an immutable right under the sixth amendment of the United States Constitution or under our state constitution to reject court-appointed counsel for the purpose of forcing the court to appoint private counsel of his own choice to represent him, absent a showing of good cause for such a change.[2]

We have previously held that a defendant is not entitled to pick and choose and discharge his court-appointed counsel at will with a demand or expectation that the court will appoint a new one. The accused is entitled to the effective assistance of a competent member of our bar who is willing to identify with the interests of the defendant and present the available defenses. *Danks v. State*, 18 Utah 2d 212, 418 P.2d 488 (1966), *cert. denied*, 385 U.S. 1016, 87 S.Ct. 734, 17 L.Ed.2d 553 (1967); *State v. Gray*, Utah, 601 P.2d 918 (1979). Counsel assured the court and defendant at the preliminary hearing that he was prepared and able to render such representation of defendant. We refuse to indulge in defendant's suggestions that representation by the public defender's office is an *ipso facto* denial of his constitutional right to the effective assistance of counsel. *People v. Miller*, 7 Cal.3d 562, 102 Cal.Rptr. 841, 498 P.2d 1089 (1972); *Jones v. Johnson*, Okla.Crim.App., 404 P.2d 686 (1965).

■ Defendant is not guaranteed a "meaningful relationship between counsel and accused." *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Whether the accused's grievances with appointed counsel justify appointment of another attorney is within the sound discretion of the trial court. *State v. Thorne*, 104 Ariz. 392, 453 P.2d 963 (1969); *Thomas v. State*, 584 P.2d at 676. We do not find any abuse of that discretion, considering counsel's willingness and ability and defendant's conjectured excuses for rejection. The lower court properly advised defendant that his unjustified, conclusory rejection of counsel would be deemed a waiver of the right to a court-appointed attorney. *United States v. Moore*, 706 F.2d 538 (5th Cir. 1983), *cert. denied*, 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983). The right to counsel does not include the right of a defendant to designate his own court-appointed counsel by either the process of an

---

**2.** *Coleman v. State*, Alaska, 621 P.2d 869 (1980), *cert. denied*, 454 U.S. 1090, 102 S.Ct. 653, 70 L.Ed.2d 628 (1981); *State v. Evans*, 125 Ariz. 401, 610 P.2d 35 (1980); *Thomas v. State*, 94 Nev. 605, 584 P.2d 674 (.978); *State v. Forsness*, 159 Mont. 105, 495 P.2d 176 (1972); *People v. Hughes*, 57 Cal.2d 89, 17 Cal.Rptr. 617, 367 P.2d 33 (1961).

affirmative demand or the selective elimination of other attorneys. *United States v. Davis*, 604 F.2d 474 (7th Cir.1979); *United States v. De Freitas*, 410 F.Supp. 241 (D.N.J.1976), *aff'd*, 556 F.2d 569 (3rd Cir. 1977), *cert. denied*, 434 U.S. 847, 98 S.Ct. 153, 54 L.Ed.2d 114 (1977).

■ Defendant argues that it was prejudicial to admit into evidence the assorted pills and drugs found in his possession when arrested in Evanston, Wyoming. The arresting officer testified that he found in defendant's pocket a drug-dispensing bottle, clearly marked "Prescription Pharmacy," and numerous loose pills and drugs. The robbed pharmacist identified the dispensing bottle as a bottle belonging to his pharmacy. He further testified that during the robbery, while defendant's partner filled a sack with narcotics, defendant stuffed numerous pills into his coat pocket. The drugs taken from defendant when arrested were identified as the same type and appearance as the drugs taken in the robbery.

■ The State offered into evidence the narcotic pills and the pharmacy bottle for the purpose of showing that they were found on defendant at his arrest. Defendant had no objection to their introduction for that purpose. He now complains that the exhibits were intended to show him as a drug abuser and a threat to society and were therefore prejudicial. We disagree. Upon his arrest the day after the robbery, defendant was found in unexplained possession of a drug bottle from the pharmacy and of drugs similar in type and appearance to those taken in the robbery. These items are relevant to the identification of defendant's involvement in the crime. The fact that every pill could not be positively identified as having come from the pharmacy does not make the evidence inadmissible.[3]

Although circumstantial in nature, this evidence was certainly probative of defendant's guilt and was properly presented for the jury's consideration, even though possibly indicative of other misdeeds by defendant. *State v. McCardell*, Utah, 652 P.2d 942 (1982); *State v. Clayton*, Utah, 646 P.2d 723 (1982); *State v. Daniels*, Utah, 584 P.2d 880 (1978). Connection between the exhibits, the defendant, and the crime may be shown by the circumstantial nature of the evidence. The drugs were admissible to show the background and circumstances of defendant's involvement, particularly in light of the positive identification of defendant by the victims. *United States v. Natale*, 526 F.2d 1160, 1173–74 (2d Cir.1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976). It remains within the sound discretion of the trial court to balance the probative value of the evidence with any potential prejudicial effect to defendant. We find no abuse of discretion by the trial court and affirm defendant's conviction.

---

3. *State v. Young*, 30 Utah 2d 280, 516 P.2d 1398 (1973); *State v. Sanders*, 27 Utah 2d 354, 496 P.2d 270 (1972); *State v. Montayne*, 18 Utah 2d 38, 414 P.2d 958 (1966), *cert. denied*, 385 U.S. 939, 87 S.Ct. 305, 17 L.Ed.2d 218 (1966); *Cf. State v. Sheen*, 27 Utah 2d 9, 492 P.2d 648 (1972).