**John O. WULFFENSTEIN, Plaintiff and Appellant,**

v.

**Larry MORRIS, Defendant and Appellee.**

No. 880079.

Supreme Court of Utah.

June 28, 1988.

John O. Wulffenstein, pro se.

David L. Wilkinson, Salt Lake City, for defendant and appellee.

---

PER CURIAM:

Plaintiff John Wulffenstein appeals from the dismissal of his petition for habeas corpus. We affirm.

Wulffenstein appealed pro se from his jury conviction of aggravated robbery, challenging the sufficiency of pretrial identification and the exclusion in the trial court of evidence pertaining to his alibi. This Court affirmed the conviction in *State v. Wulffenstein*, 657 P.2d 289 (Utah 1982), *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983). Wulffenstein then obtained a writ for habeas corpus and was resentenced in order that he could again appeal, but with the effective assistance of counsel. In his second appeal, Wulffenstein argued that he was unconstitutionally denied the right to counsel at his arraignment and preliminary hearing and that the

court erroneously admitted into evidence pills and miscellaneous drugs taken from him at the time of his arrest. This Court again affirmed the conviction. *State v. Wulffenstein,* 733 P.2d 120 (Utah 1986).

On December 1, 1981, after he filed his first appeal, Wulffenstein filed a petition for habeas corpus and sent a copy of it to the county attorney. The petition was found to be pending in May of 1987 when the court notified the attorney general that a response was required. The petition was dismissed on July 10, 1987.

Wulffenstein appeals from the dismissal and raises several new issues: (1) the prison's refusal to follow an order of the trial court before his trial to grant him access to law books forced him to defend himself without the benefit of the law; (2) the court's five-year-and-five-month delay in hearing his petition amounted to a suspension of his right to habeas corpus under article I, section 5 of the Utah Constitution and article I, section 9 of the United States Constitution; (3) the court's entertaining a motion to dismiss more than ten days after the petition was brought to the attention of the State violated rule 65B(i)(6) of the Utah Rules of Civil Procedure; (4) the delay in acting on his petition for habeas corpus constituted a denial of access to the courts, in violation of both the Utah Constitution and the first amendment of the United States Constitution; and (5) the trial court failed to appoint counsel to represent Wulffenstein in his petition for habeas corpus as provided by the rules.

■ We do not reach the merits of Wulffenstein's appeal. A petitioner cannot raise issues in postconviction proceedings which could or should have been brought on direct appeal, except in unusual circumstances. *Codianna v. Morris,* 660 P.2d 1101 (Utah 1983); *accord Robbins v. Cook,* 737 P.2d 225 (Utah 1987). Wulffenstein had two opportunities to raise the substantive issues of the present habeas corpus petition on direct appeal, the first time in his pro se appeal filed before this petition was filed, and the second time in his appeal after resentencing, filed after this petition was filed. The substantive errors he now wants to have corrected were errors that happened before trial. The entire petition became moot when Wulffenstein was granted a second appeal, rendering the procedural errors resulting from the delay harmless at best. His case does not represent such unusual circumstances that would allow him to present in a collateral attack what was known to him on direct appeal. *Chess v. Smith,* 617 P.2d 341 (Utah 1980).

The dismissal of the petition is affirmed.

STEWART, J., concurs in the result.