**2013 UT App 43**

# THE UTAH COURT OF APPEALS

EXPRESS RECOVERY SERVICES, INC.,

*Plaintiff and Appellee,*

*v.*

STAT COCHRON,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120882-CA
Filed February 22, 2013

Third District, West Jordan Department
The Honorable Andrew H. Stone
The Honorable Su Chon
No. 110415299

Stat Cochron, Appellant Pro Se
Edwin B. Parry, Attorney for Appellee

Before JUDGES ORME, THORNE, and ROTH.

PER CURIAM:

¶1      Stat Cochron appeals the judgment entered against him on September 11, 2012. This matter is before the court on its own motion for summary disposition.[1] This court cannot review the issues raised because Cochron has not provided an adequate

---

1. Express Recovery Systems, Inc. filed a motion for summary disposition on other theories, which we do not address.

record on appeal. *See* Utah R. App. P. 11 (discussing the record requirements on appeal).

¶2     Cochron's docketing statement sets forth numerous issues relating to rulings, findings of fact, and conclusions of law made by the district court during the course of trial. However, Cochron filed a certification stating that a transcript of the proceeding was not necessary.[2]

¶3     When a defendant predicates error to this Court, he has the duty and responsibility of supporting such allegation by an adequate record. Absent that record, defendant's assignment of error stands as a unilateral allegation which the reviewing court has no power to determine. This Court simply cannot rule on a question which depends for its existence upon alleged facts unsupported by the record.

*State v. Wulffenstein*, 657 P.2d 289, 293 (Utah 1982). All issues raised by Cochron in his docketing statement and in his response to this court's motion for summary disposition involve rulings made during the course of his trial. Cochron has failed to provide this court with a transcript of those proceedings. Without such a transcript, we must presume the correctness of the underlying decisions. *See State v. Mead*, 2001 UT 58, ¶ 48, 27 P.3d 1115 (stating

---

2. Cochron's certification indicated that he lacked the resources to pay for the transcripts. Accordingly, in this court's sua sponte motion for summary disposition the court indicated to Cochron that if he could not afford a transcript, he could file a statement of evidence and proceedings in compliance with rule 11(g) of the Utah Rules of Appellate Procedure. The court further noted that if the statement of evidence was properly filed and served, consideration of the motion for summary disposition would be stayed pending review of the statement by the district court. Cochron failed to file such a statement.

that in the absence of an adequate record on appeal, we presume the correctness of the disposition and cannot address the issues raised).

¶4     Affirmed.

———————