STATE of Utah, Plaintiff and Respondent,

v.

Selmar Ray PURCELL, Defendant and Appellant.

No. 15759.

Supreme Court of Utah.

Oct. 20, 1978.

Shelden R. Carter, Utah County Legal Defenders Association, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl T. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from a conviction of Forgery in violation of U.C.A., 1953, 76–6–501.

The sole issue raised on appeal is the propriety of the trial court's denial of a motion to suppress evidence obtained pursuant to a search warrant. Defendant contends that his constitutional rights were violated because the search warrant was issued without probable cause.[1]

The pertinent facts are abstracted as follows: One Warburton reported to the police a combined burglary and theft at his place of business wherein a quantity of blank checks and a check protector were taken. Shortly after the banks were alerted, a teller at one of them observed a blue Buick Skylark automobile at her drive-up window. An occupant thereof presented a check to her for payment bearing Warburton's name, and also produced a motor vehicle driver's license for purposes of identification. The teller photographed both documents and returned them to the occupant advising him that she could not cash the check since it was drawn on another bank and that he must present it there. As the automobile was being driven away, the teller recorded its license number and description on the photocopy made of the check and license. A police check revealed the automobile to have been registered in the name of, and stolen from, a local resident. The defendant was apprehended within 30 minutes while driving the stolen automobile and he was subsequently identified as the person who possessed and attempted to cash the check. The signature thereon was attested to have been affixed in defendant's handwriting by an expert's examination of

---

1. Constitution of Utah, Article I, Section 14 provides: The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized.

an exemplar. The arresting officer's affidavit in support of the search warrant described the details of the burglary, theft and description of the automobile to be searched; however, no informants were named other than Warburton.

■ It is to be noted at the outset that this appeal is without merit for one very obvious reason, if for no other. Defendant simply lacks standing in court to attack the warrant as to the search of the stolen automobile, since on the facts before us, defendant had absolutely no possessory or proprietary interest therein that could have been invaded.[2]

■■ The challenge as to the propriety of the search warrant is also without merit. The arresting officer's affidavit, upon which the warrant was issued, not only described the automobile to be searched in detail, but other substantial information was recited as being furnished by an unnamed informant. Such information is presumably accurate until rebutted by one challenging the validity of a warrant on the basis of lack of probable cause. In this instance, defendant fell far short of even attempting to so rebut the information in his motion to suppress the evidence. This principle was recently repeated by this Court in State v. Sessions.[3]

Defendant's interpretations and citations as to hearsay, his distinctions between police informants and citizen informants, the failure to specify the names and credibility of informants are simply not germane to the facts presented here.

■ The issuance of the warrant appears justifiable under the tests laid down in Aguilar v. Texas[4] and others cited by defendant. It is only necessary to refer to the case of State v. Treadway,[5] cited by defendant, to conclude that the thrust of the constitutional prohibitions against unlawful search and seizure is not hypertechnicality, but reason, wherein it is said: "An affidavit may be based on hearsay information and need not reflect the direct, personal observations of the affiant." Although there must be underlying circumstances reflecting probable cause (which were present here), the magistrate is "obligated to render a judgment based upon a common-sense reading of the affidavit." The information may be "almost completely hearsay . . if there be sufficient information in the affidavit to provide a 'substantial basis' for crediting the hearsay."

This is such a case, and the judgment is affirmed.

ELLETT, C. J., and MAUGHAN, CROCKETT and WILKINS, JJ., concur.

---

2. State v. Montayne, 18 Utah 2d 38, 414 P.2d 958 (1966).

3. Utah, 583 P.2d 44 (1978).

4. 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

5. 28 Utah 2d 160, 499 P.2d 846 (1972).