STATE of Utah, Plaintiff and Respondent,

v.

Patrick VALDEZ, Defendant and Appellant.

No. 18855.

Supreme Court of Utah.

Sept. 11, 1984.

---

Joan Watt, Legal Defender, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Jack L. Crellin, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant appeals his nonjury conviction for one count of possession of a forged writing and one count of possession of devices to make a forged writing, under U.C.A., 1953, § 76-6-502. At trial, the State introduced evidence that officers had found in a closed attache case taken from the trunk of the car defendant was driving. The sole issue on appeal is whether the trial court erred when it refused to suppress the evidence. We hold that it did not and affirm.

In the early morning of October 25, 1981, police officers stopped defendant and a female companion when they noticed that defendant's car had no front license plate. Defendant produced a driver's license with his photograph on it, but with a false name. Defendant was arrested for giving false information to a police officer.

When questioned, defendant stated that he did not own the car. Immediately, the officers searched the car without first obtaining a warrant. They discovered an attache case in the trunk. The case was closed, but a portion of a check was protruding from the case. The officers opened the case and discovered certain items of false identification with defendant's picture on them. The trunk and the attache case also contained paraphernalia used in making false identification documents.

At trial, the contents of the trunk and case were introduced against defendant. Defendant produced one witness who testified that neither the attache case nor the automobile belonged to defendant, that the witness owned the case and its contents, and that the witness had borrowed the car from a body shop.

Defendant relies on *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), in claiming that the warrantless search violated his Fourth Amendment rights. The State argues that the officers conducted an inventory search and, therefore, that no warrant was necessary. *State v. Criscola*, 21 Utah 2d 272, 444 P.2d 517 (1968); *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

We do not reach the question of whether this search was permissible under the state or federal constitution. Defendant concedes that he did not own the car or the attache case containing the evidence complained of, and he has failed to show that he had any legitimate expectation of privacy in the effects searched. Under long-established precedent, he lacks any standing to complain of the resulting search. *E.g.*, *State v. Purcell*, Utah, 586 P.2d 441 (1978); *Rakas v. Illinois*, 439 U.S. 128, 98 S.Ct. 421, 58 L.Ed.2d 387 (1978).

Affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.