**STATE of Utah, Plaintiff and Respondent,**

v.

**Charles R. MARTINEZ, Defendant and Appellant.**

**Charles Martinez, Defendant and Appellant.**

**No. 19719.**

Supreme Court of Utah.

Oct. 29, 1985.

John T. Caine, Ogden, for defendant and appellant.

David L. Wilkinson, Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant was charged with and convicted of arranging to distribute for value a controlled substance, in violation of U.C.A., 1953, § 58–37–8(1)(a)(iv). On appeal, defendant urges that the evidence presented to the jury was insufficient to convict him. He particularly challenges the credibility of the prosecution's chief witness, Rick Scott Anderson.

Anderson is a former drug addict who, in an attempt to "stay clean," has done undercover work for various law enforcement agencies. Anderson and defendant became acquainted while they were both inmates at the Utah State Prison. At defendant's trial, Anderson testified that he was approached by defendant in an Ogden bar in early August 1983. Defendant allegedly told Anderson that he had some heroin and that if Anderson knew of anyone interested in buying, he was to let defendant know. Anderson immediately contacted Officer Jerry Judkins of the Weber County Sheriff's Office.

Arrangements to set up a "buy" were later made with the narcotics division of the Ogden City Police Department. A few days after the encounter at the bar, Anderson went to defendant's home to buy some heroin; however, none was available at the time. On August 8, Anderson returned to defendant's home. Defendant escorted Anderson to the home of Danny Gallo, where Anderson purchased some heroin and arranged to buy more the following day. Ogden City Police Officer Jack Alexander testified at trial that the plan was to make a "test" buy on August 8 and then to follow up later with another purchase using increased surveillance.

On August 9, before the second buy, Anderson met with Officer Alexander. Anderson was searched, outfitted with a transmitter, and given $300 to make the purchase. Alexander and two officers tailed Anderson as he proceeded to Gallo's house. Defendant was waiting there when Anderson arrived. When Anderson asked defendant if there was any heroin available, Gallo answered in the affirmative. Anderson handed defendant $220, and defendant gave it to Gallo. Gallo borrowed Anderson's car and left to get the heroin. Two of the officers followed Gallo, while the third maintained his position near the Gallo home. After approximately twenty minutes, Gallo returned with five ballons of heroin, but gave Anderson only three. Gallo kept one balloon for himself and gave defendant the other one for his part in arranging the sale.

■ On appeal, defendant urges that his conviction should be reversed since Anderson's testimony was not worthy of belief.[1] In *State v. Wilson*, Utah, 565 P.2d 66 (1977), the contention that testimony was unbelievable solely because the witness was a former drug addict who was being paid by the police was rejected by this Court. Further, the State correctly points out that Anderson's testimony was corroborated at trial by the police officers involved. In any event, judging the credibility of the witnesses and the weight of the evidence is exclusively the prerogative of the jury. *Id.* at 68. In the instant case, it was the jury's prerogative to accept or reject Anderson's testimony.

■ In reviewing a claim of insufficiency of the evidence, this Court applies the following standard:

---

**1.** Defendant argues that it had been established by Anderson's earlier convictions that he was a liar and that he would make deals with prosecutors in order to avoid returning to prison.

We do not invade that prerogative and overturn the jury's verdict unless the admissible evidence produced at trial is so lacking and unsubstantial that reasonable minds must necessarily entertain a reasonable doubt of defendant's guilt. In considering an issue raised with respect to insufficiency of the evidence, this Court views all of the evidence presented at trial in the light most favorable to the jury's verdict.

*State v. McCullar,* Utah, 674 P.2d 117, 118 (1983) (citations omitted). When this standard is applied to the instant case, it cannot be said that reasonable minds must necessarily have entertained a reasonable doubt of defendant's guilt.

Defendant's conviction is therefore affirmed.

STEWART, HOWE, DURHAM and ZIMMERMAN, J., concur.