The STATE of Utah, Plaintiff and Respondent,

v.

Russell D. CONSTANTINO, Defendant and Appellant.

No. 21015.

Supreme Court of Utah.

Jan. 15, 1987.

Sumner J. Hatch, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Kimberly K. Hornak, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from a judgment on a jury verdict finding him guilty of possession of a controlled substance with intent to distribute. The points of error are (1) the trial court's denial of a pretrial motion to suppress evidence and (2) the denial of defendant's motion for a directed verdict. We affirm.

On May 21, 1985, Officers Hodgson and Jackman spotted defendant driving a car west on Burke Lane in Farmington. Earlier in the week, Hodgson had spoken to defendant on another matter and had learned that defendant's driver license had been suspended by the State of Utah. Hodgson also recognized defendant's passenger, Birdsall, who was wanted on an arrest warrant that Hodgson had personally seen at the Bountiful police station. Hodgson followed defendant's car, and defendant pulled to the side of the road. Hodgson confirmed through dispatch that the warrant on Birdsall was still active and outstanding and that defendant's driver license was still suspended. Birdsall was arrested. In his brief conversation with defendant, Hodgson ascertained that the registered owner of the car was a Mr. Groberg. The car was impounded until a licensed driver or the registered owner could be contacted.

During an inventory search of the car, Hodgson found a large paper sack filled with garbage and two small plastic bags inside a zip-lock bag sitting on top of the garbage inside the paper sack. Suspecting the contents to be marijuana, Hodgson carefully lifted the zip-lock bag and took it

to Detective Grey, who analyzed the contents and lifted fingerprints from the surface of the bags. He found that the fingerprints on the plastic were defendant's and determined that each small bag contained 39 grams of marijuana.

At the beginning of trial, defendant moved to suppress that evidence on the basis that Hodgson had no probable cause to stop defendant and that where there was an invalid stop, there was no reasonable cause to search the car. The motion was denied, the jury impaneled, and defendant subsequently convicted as charged.

■ Defendant first claims that the court erred in denying his motion to suppress and that the search was unconstitutional under article I, section 14 of the Utah Constitution and title 77 of the Criminal Code. He also claims that the search was a "pretext inventory search" similar to the one in *State v. Hygh*, 711 P.2d 264 (Utah 1985). We do not reach defendant's inventory search issue, as it is first raised on appeal. "[W]here a defendant fails to assert a particular ground for suppressing unlawfully obtained evidence in the trial court, an appellate court will not consider that ground on appeal." *State v. Carter*, 707 P.2d 656 (Utah 1985). We proceed to the point raised by defendant below, whether the stop of his vehicle and the resulting search were valid.

■ Section 77–7–15 of the Utah Code of Criminal Procedure provides:

A peace officer may stop any person in a public place when he has *a reasonable suspicion to believe* he has committed or is in the act of committing or is attempting to commit a public offense and may demand his name, address and an explanation of his actions.

(Emphasis added.) As can be seen from the emphasized language, the statutory standard under which a police officer may stop and question a suspect is not, as defendant would have it, probable cause, but a reasonable suspicion which requires the police officer to point to specific and articulable facts which warrant the intrusion. *State v. Elliott*, 626 P.2d 423 (Utah 1981).

In a similar case to the one before us, we acknowledged that those articulable facts were satisfied where the trooper had previously learned of the defendant's revoked driver license and had stopped him because he had a reasonable suspicion that it was still revoked. *State v. Gibson*, 665 P.2d 1302 (Utah), *cert. denied*, 464 U.S. 894, 104 S.Ct. 241, 78 L.Ed.2d 231 (1983) (citing *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), as support for those situations "in which there is at least articulable and reasonable suspicion that a motorist is unlicensed"); *accord United States v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). But compare the result in *Delaware v. Prouse* and *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), where absent specific and articulable facts, the searches and seizures were held invalid.

Officer Hodgson in this case had learned only days before that defendant's license had been revoked and that Birdsall was sought on an arrest warrant. Before Hodgson approached the stopped car, dispatch confirmed that defendant's license was still revoked and that Birdsall's warrant was still active and outstanding. We hold that those circumstances constituted sufficient reasonable suspicion to make the investigatory stop valid.

■ The validity of the search of defendant's car is governed by our holdings in *State v. Valdez*, 689 P.2d 1334 (Utah 1984), and *State v. Purcell*, 586 P.2d 441 (Utah 1978). In *Purcell*, the defendant had stolen the searched car and therefore could not have asserted any expectation of privacy in property belonging to another. In *Valdez*, a witness testified that he had borrowed the car from a body shop, but the defendant did not produce any evidence that would have established permissive use on his part. Quite the contrary, he disclaimed any ownership rights in both car and briefcase. Likewise, the facts here show no right to possession. Hodgson's brief investigation of defendant revealed that the car was registered to a person other than defendant. Defendant present-

ed no testimony that he had driven the car with the permission of the owner or that he had borrowed the car under circumstances that would imply permissive use. Absent claimed right to possession, he could not assert any expectation of privacy in the items seized and had no standing to object to the search. We therefore decline to reach the question of validity of the search.

■ Defendant next contends that the court erred in denying his motion for a directed verdict on the basis that the evidence was insufficient to support a finding that defendant possessed the marijuana with intent to distribute. This Court does not invade the province of the jury and overturn its verdict unless the admissible evidence produced at trial is so lacking and insubstantial that reasonable minds must necessarily entertain a reasonable doubt of a defendant's guilt. *State v. Martinez,* 709 P.2d 355 (Utah 1985). The evidence viewed in a light most favorable to the jury's verdict discloses that Hodgson and Officer Brown, another witness for the State, had both had considerable work experience in narcotics investigation. Hodgson had been an informant for the Davis-Morgan Narcotics Traffic Force, the Weber State Security, and the Narcotics Strike Force in Salt Lake City for three years. He testified that 78 grams of marijuana (or approximately three ounces) was more than an individual would normally have in his possession for personal use. Brown had had two years' experience in narcotics investigation for the State and one year with Metro Narcotics. He had participated in over one hundred hand-to-hand sales, had had experience with users, and estimated the street value of the marijuana at between $400 and $500. Although defendant objected to Brown's testimony on the basis that his narcotics experience had ended in 1983, the jury was free to believe Brown's testimony that the price of marijuana had steadily increased over the years and that the amount purchased for personal use had concomitantly decreased during that same period so that the amount purchased for personal use was usually between one-eighth and one-quarter ounce. That evidence was not so insub-

stantial or inconclusive that reasonable minds must have entertained a reasonable doubt of defendant's guilt, and the jury's verdict must stand.

The judgment and sentence are affirmed.

STEWART, J., concurs in the result.