**STATE of Utah, Plaintiff and Respondent,**

v.

**Joseph HINTON, Defendant and Appellant.**

**No. 18492.**

Supreme Court of Utah.

April 10, 1984.

Jay Fitt, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

## PER CURIAM.

The defendant appeals from a jury conviction for making a false insurance claim, a second degree felony.[1] Defendant's prison sentence was suspended, and he was placed on probation for three years, with thirty days in jail and a requirement that he make restitution.

The main thrust of this case is the claimed prejudice resulting from admitting the conceded confession of the defendant allegedly obtained by overzealous and unfair police officers. Defendant points out that he was arrested at about 9:00 a.m. and was questioned over a three-hour period. The questioning session was tape recorded by police. He asserts that during that time the officers appealed to his conscience and religion. He also claims he demanded a lawyer, but was ignored and impliedly discouraged from obtaining counsel. The record reflects no such prejudicial pressure nor any reliance by defendant on any persuasion by the peace officers so as to prejudice defendant's constitutional rights.

The record shows that the car defendant had insured was fraudulently reported by him to have been stolen. Defendant filed

his claim of loss, but before the claim was paid the car was found in storage and reported to the police. At this juncture, one Grant the defendant's co-conspirator, went to the police and exposed the scheme, placing the blame on defendant. That same day police officers approached defendant, advised him they wanted to discuss the matter and gave him the *Miranda* warning that he said he understood. They then placed him under arrest and questioned him. After hearing on a motion to suppress, the trial court found defendant confessed voluntarily. When defendant did not initially believe what Grant had told the officers, they tried unsuccessfully to locate Grant for verification. The officers repeated what Grant had said and the defendant, believing the officers to be accurately repeating Grant's statement, confessed. The statement had been recorded, as was the second *Miranda* warning that preceded it. No promises were made, but there was a statement that a recommendation could be made to the prosecutor.

The defendant suggests two rules that this Court should apply for which he cites no authority except his own belief in their soundness, i.e., (1) that the burden of proving that a confession is voluntary is solely on the prosecution, and (2) that a jury should verify such fact, not the judge.

As to his first proposition, the majority rule is that confessions are presumed to be voluntary. When a defendant challenges the confession, he is called upon to show at least enough evidence to rebut the presumption of voluntariness.[2] This is consistent with our general rule that he who moves to suppress evidence must support his motion with proof. In *State v. Sessions*,[3] we said that:

> The court below ruled that the party making a motion has the burden of going forward and that a defendant must submit some evidence in support of his motion to suppress or the motion would be denied.... Evidence sought to be ex-

1. In violation of U.C.A., 1953, § 76-6-521.

2. *See generally* 29 Am.Jur.2d *Evidence* § 588.

3. Utah, 583 P.2d 44 (1978).

cluded is admissible, however, until the accused has established that his rights under the rule have been invaded. [Citation omitted.]

Based upon the "totality of the circumstances"[4] the trial court determined that defendant's confession was voluntary and therefore admissible evidence.

As to the second proposition that "voluntariness" of a confession is a jury matter, defendant acknowledges state law does not require such procedure. Defendant urges, however, that "the road of evolution of the criminal procedure regarding constitutional rights has arrived at a point of making just such a procedure a mandatory obligation on prosecutors and trial courts."

■ The defendant's claim of error is based on the premise that the question of voluntariness exclusively is a question for the jury. As support he cites *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). An examination of that case does not show disagreement with the fact that voluntariness *may* be a jury question. It clearly indicates, however, that admissibility of a confession is a question for the court.[5] This is particularly so where the defendant has asked the court, in an adjunct hearing out of the jury's presence, to determine admissibility. Reference is made to the following language of *Lego* applicable to the instant case:

> Finally, *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), which made the Sixth Amendment right to trial by jury applicable to the States, did not purport to change the normal rule that the admissibility of evidence is a question for the court rather than the jury. Nor did that decision require that both judge and jury pass upon the admissibility of evidence when constitutional grounds are asserted for excluding it. We are not disposed to impose as a constitutional requirement a procedure we have found wanting merely to afford petitioner a second forum for litigating his claim.

■ As a separate point on appeal, defendant contends that the trial court erred in denying his motion to discover statements given by a "co-defendant." U.C.A., 1953, § 77–35–16(a)(1), provides that on request, the prosecution shall disclose available statements of a co-defendant. In the present case, there was no co-defendant, but only an alleged co-conspirator charged separately and sentenced after pleading guilty. The statute is therefore inapplicable.

■ Finally, defendant alleges that he was denied the effective assistance of counsel. The claim is without merit since counsel's so-called failure to pursue defendant's interests fall far short of the proof required[6] to sustain a reversal based on inadequacy of counsel. An appellate court will not treat lightly, by hindsight, the trial technique of a member of the bar who is presumed to be competent.[7]

The verdict and judgment are affirmed.

---

4. *State v. Hunt,* Utah, 607 P.2d 297 (1980).

5. *See State v. Crank,* 105 Utah 332, 142 P.2d 178 (1943).

6. *State v. Malmrose,* Utah, 649 P.2d 56 (1982).

7. *State v. McNicol,* Utah, 554 P.2d 203 (1976).