**STATE of Utah, Plaintiff and Appellant,**

v.

**Dennis W. ATWOOD, Defendant and Appellee.**

**No. 910355–CA.**

Court of Appeals of Utah.

May 12, 1992.

R. Paul Van Dam and J. Kevin Murphy, Salt Lake City, for plaintiff and appellant.

Steven E. McCowin, David B. Watkiss, and Mary J. Woodhead, Salt Lake City, for defendant and appellee.

Before BENCH, BILLINGS and RUSSON, JJ.

---

BENCH, Presiding Judge:

Defendant was charged with leaving the scene of an accident and driving under the influence. Defendant moved to suppress evidence obtained as a result of a trooper's entry onto a parking lot where defendant had parked his car. The motion was granted and the case was subsequently dismissed. We reverse and remand for further proceedings.

## FACTS

A Fourth Amendment analysis of police conduct is fact sensitive; therefore, the facts of this case are presented in detail. *State v. Jackson,* 805 P.2d 765, 766 (Utah App.1990).

At approximately 4:00 a.m. on the morning of October 27, 1990, Trooper Larry Wehrli of the Utah Highway Patrol was dispatched to investigate a traffic accident. Derrall Rikli had reported that his car had been hit by another vehicle as he entered the freeway. The other automobile proceeded on without stopping. Mr. Rikli described the other vehicle as a white Japanese-made automobile, and that it was driven by a young man. Mr. Rikli was able to read most of the license plate number and believed that the other vehicle had sustained some damage.

Trooper Wehrli relayed the possible license plate numbers to headquarters and received information on three potentially suspect automobiles. Trooper Wehrli proceeded to the first address on his list and upon locating that automobile determined that it had not been involved in the accident. Trooper Wehrli proceeded to the next address on his list which was defendant's apartment house. At approximately 5:15 a.m., the trooper parked on the street and walked along an open driveway into the parking lot behind the apartment house. The parking lot, which was shared by the tenants of the apartment house, was an open, paved area without any gate. There were no signs restricting entry. Trooper Wehrli later testified that he considered the parking lot to be a "common area" similar to the hallways of an apartment building.

Because of the early morning darkness, Trooper Wehrli used his flashlight to look for a vehicle matching the description given him by Mr. Rikli. The trooper located defendant's white Subaru. Inspecting the exterior of the vehicle, Trooper Wehrli found fresh damage to its front. The trooper then entered the building containing two to four apartments and knocked on defendant's upstairs apartment door to inquire about the accident. Defendant's subsequent responses to questions, and other observations of defendant made by the trooper, led to defendant's arrest with charges of leaving the scene of an accident and driving under the influence.

Defendant filed a motion to suppress all evidence derived from Trooper Wehrli's warrantless entry onto the parking lot. An evidentiary hearing was held and the trial court granted the motion to suppress, concluding that "[d]efendant's reasonable expectation of privacy extends to the private parking area adjacent to his dwelling." The case was subsequently dismissed.

## ANALYSIS

The State argues that the trial court erred in concluding that the defendant had a reasonable expectation of privacy in the parking lot behind the apartment house where he lived. The State contends that the existence of a reasonable expectation of privacy must be established by the party challenging the police conduct and that defendant did not meet that burden. We agree.

Defendant asserts that the State has raised the issue of his standing to bring a Fourth Amendment challenge for the first time on appeal and that we therefore may not address it. Defendant relies on *State v. Marshall,* 791 P.2d 880 (Utah App.) *cert. denied,* 800 P.2d 1105 (Utah 1990). In *Marshall,* the State raised the issue of standing for the first time on appeal which did not allow the defendant an opportunity to develop a factual record below. We noted that the issue of standing could be raised

at any time during the hearing on a defendant's motion to suppress as long as the defendant has an opportunity to put on evidence to meet the claim. Once the defendant has been put on notice that the state claims the warrantless search was constitutional because he has no expectation of privacy in the area searched, then the defendant must factually demonstrate that he does have standing to contest the warrantless search.

*Id.* at 887 (footnote omitted). We held that Marshall had received "no warning of the necessity to develop the relevant facts below." *Id.* That is not the case here.

Here defendant made a motion to suppress evidence and a hearing was held. A review of the record reveals that the issues raised at the suppression hearing adequately addressed whether defendant in fact had a reasonable expectation of privacy in the parking lot. In light of the record, defendant may not now claim that he did not have adequate warning to develop the relevant facts below.[1] We therefore address the merits of the State's appeal.

■■ The requirement of demonstrating a legitimate expectation of privacy in the area searched is a threshold requirement that a defendant must satisfy in order to establish a violation of constitutional rights. *See State v. Larocco,* 794 P.2d 460, 469 (Utah 1990). *See also Staheli v. Farmers' Coop. of S. Utah,* 655 P.2d 680, 683 (Utah 1982) (burden of proof lies with party most likely to have access to evidence). "A desire to avoid detection of criminal activity does not *ipso facto* give rise to a protectable privacy interest." *State v. Lee,* 633 P.2d 48, 51 (Utah) *cert. denied,* 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981).

■■ A person's house is specifically identified as a constitutionally protected area and is "[w]ithout question, ... accorded

the full range of Fourth Amendment protections." *Lewis v. United States,* 385 U.S. 206, 211, 87 S.Ct. 424, 427, 17 L.Ed.2d 312 (1966). This reasonable presumption of an expectation of privacy in one's home, however, does not extend automatically to open parking lots shared by tenants of an apartment house. Such parking areas generally are not protected. In *Commonwealth v. Myers,* 16 Mass.App.Ct. 554, 452 N.E.2d 1170 (1983), the Massachusetts Appeals Court found that "the parking lot at the rear of [defendant's] building, shared by several apartment houses, was not an area where the defendant had a legitimate expectation of privacy." *Id.* 452 N.E.2d at 1172. That court recognized that "[a]lthough perhaps private in the property sense," the lot was accessible to others and the defendant "did not have control over its entrances or exits." *Id.* *See also State v. Mack,* 21 Or.App. 522, 535 P.2d 766, 771 (1975) (where defendant's garage was one in a row of garages, no violation of privacy where an officer was able to look into defendant's garage from the common area shared by all the users of the garages); *State v. Crea,* 305 Minn. 342, 233 N.W.2d 736, 738–39 (1975) (evidence viewed from open driveway not violative of Fourth Amendment; police entering upon curtilage while conducting legitimate business "are free to keep their eyes open").

■■ The shared parking area in this case was open and connected to the street via an open driveway. In *State v. Lee,* 633 P.2d at 51, the Utah Supreme Court found that an "open pathway to the front door was an implied invitation to members of the public to enter thereon." Since it may reasonably be expected that such a pathway could be used by strangers, the police officers in *Lee* were held to be lawfully on the pathway when they observed stolen property through a window of a camper parked in defendant's driveway. *Id.* "[O]bservations

---

1. "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Marshall,* 791 P.2d at 886 (quoting *Rakas v. Illinois,* 439 U.S. 128, 130 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978)). "Evidence sought to be excluded is

admissible ... until the accused has established that his rights ... have been invaded." *State v. Montayne,* 18 Utah 2d 38, 41, 414 P.2d 958, 960, *cert. denied,* 385 U.S. 939, 87 S.Ct. 305, 17 L.Ed.2d 218 (1966) (quoted with approval in *State v. Hinton,* 680 P.2d 749, 754 (Utah 1984)).

of things in plain sight made from a place where a police officer has a right to be do not amount to a search in the constitutional sense." *State v. Echevarrieta*, 621 P.2d 709, 710–11 (Utah 1980) (marijuana plants were observed from defendant's driveway) (quoting *Lorenzana v. Superior Court*, 9 Cal.3d 626, 108 Cal.Rptr. 585, 511 P.2d 33, 39 (1973)). *See also Oliver v. United States*, 466 U.S. 170, 184, 104 S.Ct. 1735, 1743–44, 80 L.Ed.2d 214 (1984) (no reasonable expectation of privacy in "open fields" despite fences, gates, locks, and "no trespassing" signs).

The parking area in the instant case was shared with other tenants. It was therefore not in defendant's exclusive control so as to create a legitimate expectation of privacy. *See Myers*, 452 N.E.2d at 1172. *See also United States v. Cruz Pagan*, 537 F.2d 554, 557–58 (1st Cir.1976) (no reasonable expectation of privacy in "well traveled" common area of apartment house); *State v. Taylor*, 61 Ohio App.2d 209, 401 N.E.2d 459 (1978) (inasmuch as police officer had right to use semi-public walkway at apartment house, evidence viewed while in semi-public area was admissible). We conclude that in order to suppress any evidence obtained by the officer when he entered the open and shared parking area, defendant must present evidence of a legitimate expectation of privacy in the open and non-exclusive area. No such evidence was ever presented at the suppression hearing.

## CONCLUSION

Defendant in this case did not meet his burden of establishing that he had a legitimate expectation of privacy in the parking area. Accordingly, we reverse the trial court's order to suppress and the dismissal. The case is remanded for further proceedings.

BILLINGS and RUSSON, JJ., concur.