**STATE of Utah, Plaintiff and Appellee,**

v.

**Jeff SCOTT, Defendant and Appellant.**

No. 920601–CA.

Court of Appeals of Utah.

Oct. 8, 1993.

Jack H. Molgard, Brigham City, for defendant and appellant.

Jan Graham, J. Kevin Murphy, and Christine Soltis, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

ORME, Judge:

Defendant appeals his conviction for theft, a third degree felony in violation of Utah Code Ann. §§ 76–6–404, –412(1)(b)(i) (1990), arising from the theft of $428 from Drewes Floral Shop in Brigham City. Agreeing with the State that defendant lacks standing to challenge the seizure of evidence used against him, we affirm.

### FACTS

On February 13, 1992, an employee of the floral shop, Shari Oiler, obtained a quantity of cash from the local branch of First Security Bank to be used in the course of the store's busy Valentine's Day eve business. When Oiler returned to the

---

store late that morning, the store manager directed her to lock the cash in a drawer in the store's office. As she headed toward the office, Oiler encountered Toya Reynolds near a store display. Still holding the cash, in a money bag so "stuffed" it could not be closed, she answered Reynolds's inquiry about flowers. As she proceeded to the office, which was not used as a flower display area, defendant emerged from within. Defendant inquired about a job application, and after locking the cash in a desk drawer, Oiler helped him find an application.

The store manager also noticed defendant and Reynolds in the store. According to the manager, both men received job applications, and then spent another ten to twenty minutes in the store. Apparently during this time, a third store employee answered Reynolds's inquiries about flowers, but did not see defendant. While assisting Reynolds, who made no purchase, this employee could not see into the store office where the money had been locked up.

At about 2:00 p.m., Oiler re-entered the office. She discovered that the locked desk drawer had been forced open and that all the cash was missing.

Several hours after they were observed in Drewes Floral, defendant and Reynolds were detained by police officers near a thrift store in Salt Lake City as a result of a reported purse snatching. The victim identified Reynolds as the culprit, but was not certain whether defendant had been involved. Accordingly, Reynolds was arrested and defendant was allowed to leave the scene.

Before leaving, defendant told the officers that Reynolds had driven to the thrift store in a Lincoln automobile, which was parked nearby. The vehicle did not belong to either defendant or Reynolds, but rather to a relative of Reynolds. The officers tried to contact the owner, but were unsuccessful. Because the driver was under ar-

rest and the owner could not be located, the officers had no authorization to release the vehicle to defendant. Moreover, defendant did not have a driver's license. Therefore, the officers impounded the vehicle and performed an inventory search. Defendant departed the scene on foot.

As a result of the search, the officers discovered approximately $365 in cash in the Lincoln's locked glove compartment. Among the cash were some rolled coins and a bundle of one-dollar bills bound with a paper band that bore printed identification from the Brigham City branch of First Security Bank. The identification band on the cash prompted discussion between the Salt Lake and Brigham City police. The ensuing investigation led to defendant's arrest, and he and Reynolds were jointly charged with the Drewes Floral Shop theft.

Both defendant and Reynolds filed motions to suppress the evidence found in the search of the vehicle. The court determined that the vehicle's impoundment was unreasonable and therefore the ensuing inventory search was unconstitutional. Accordingly, the court granted Reynolds's motion to suppress the cash seized from the glove compartment.[1] However, in ruling on defendant's motion, the court found that because he was merely a passenger in the vehicle, he lacked standing to challenge the constitutionality of the search and therefore denied his motion.

Following a jury trial, defendant was convicted of the Drewes Floral Shop theft. Defendant thereafter filed a motion to arrest judgment, which the trial court denied.

Defendant appeals his conviction, claiming, inter alia, that he had a legitimate expectation of privacy in the car and the car's glove compartment. Accordingly, he contends, the search of the car was unreasonable and violative of his Fourth Amendment rights, and the evidence seized should

---

1. The State apparently did not seek leave to appeal the validity of the trial court's decision, but instead agreed to dismissal of the case against Reynolds. The propriety of the trial court's ruling on the inventory search is not before us.

be suppressed.[2] In contrast, the State argues that defendant has no standing to challenge the constitutionality of the search, since he was only a passenger in the car.

## ANALYSIS

The issue at hand is squarely addressed by the United States Supreme Court's holding in *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).[3] In *Rakas,* defendants sought to suppress evidence found under the seat and in the locked glove compartment of a car in which they were passengers. *Id.* at 130, 99 S.Ct. at 423. According to the Supreme Court, in order to challenge the propriety of a search, a defendant must first establish "a legitimate expectation of privacy in the invaded place." *Id.* at 143, 99 S.Ct. at 430. Further, such Fourth Amendment rights are personal in nature and "may not be vicariously asserted." *Id.* at 133, 99 S.Ct. at 425 (quoting *Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 966, 22 L.Ed.2d 176 (1969)).

The "legitimate expectation of privacy" analysis, derived from Justice Harlan's concurring opinion in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), has two parts. First, the defendant must prove that he had a subjective expectation of privacy in the searched area. *Id.* at 361, 88 S.Ct. at 516 (Harlan, J., concurring). Second, the defendant must prove that the expectation was reasonable in the view of society as a whole. *Id.* Accord

*Rakas,* 439 U.S. at 143 n. 12, 99 S.Ct. at 430 n. 12.

Where a defendant asserts neither a property nor a possessory interest in the automobile, nor an interest in the property seized, he has not demonstrated an expectation of privacy and thus has no standing to challenge the search. *Rakas,* 439 U.S. at 148, 99 S.Ct. at 433. Even had such a subjective expectation been established, the Court also noted that areas like the glove compartment and the trunk "are areas in which a passenger *qua* passenger simply would not normally have a legitimate expectation of privacy." *Id.* at 148–49, 99 S.Ct. at 433. *Accord State v. DeAlo,* 748 P.2d 194, 197 (Utah App.1987). Since the defendant passengers failed to establish a legitimate expectation of privacy, they did not have standing to challenge the constitutionality of the search. *Rakas,* 439 U.S. at 149–50, 99 S.Ct. at 433.

In the case at hand, defendant also failed to establish a legitimate expectation of privacy. He did not assert a property or possessory interest in either the car or the money seized, nor did he have a reasonable expectation of privacy in the glove compartment—classically the exclusive domain of the car owner—where the money was found. Defendant claims that the fact that he left a tape player and some tapes in the car, and that the car was locked, is "some evidence" that he had an expectation of privacy in the car. However, defendant was neither in possession of the car nor the keys to the car or glove compartment. He did not even attempt to retrieve his person-

---

2. Defendant also claims that the evidence presented at trial was insufficient to support his conviction and that the trial court failed to properly evaluate his motion to arrest judgment. We find no merit in these assertions, and accordingly decline to address them. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989); *State v. Vigil,* 840 P.2d 788, 795 (Utah App.1992), *cert. denied,* 857 P.2d 948 (Utah 1993).

3. Defendant would have us analyze the issue of standing under article I, section 14, of the Utah Constitution, proposing that we adopt a "target theory" or a "legitimately on the premises" standard, both of which were rejected by the *Rakas* court. However, defendant does not brief his argument, along lines suggested in *State v.*

*Bobo,* 803 P.2d 1268, 1272 n. 5 (Utah App.1990), or otherwise. He also fails to show that the federal standing rule is inappropriate or unworkable and cites no scholarly or judicial criticism of that rule. *See State v. Thompson,* 810 P.2d 415, 417–18 (Utah 1991); *State v. Larocco,* 794 P.2d 460, 466–70 (Utah 1990) (plurality opinion); *Salt Lake City v. Trujillo,* 854 P.2d 603, 608–09 (Utah App.1993). Accordingly, we decline to address defendant's state constitutional standing argument for lack of adequate briefing. *See State v. Yates,* 834 P.2d 599, 602 (Utah App.1992) (declining to consider inadequately developed argument under Utah Rule of Appellate Procedure 24(a)(9) and citing supporting precedent).

al possessions from the car before he left the scene.

Defendant's only real argument is that if the State claims, in order to prove he committed the theft, that the money was in defendant's possession, then defendant must necessarily have a possessory interest sufficient to establish standing—or at least the State should not be heard to argue otherwise. We disagree with defendant's assertion. Such an argument is not sufficient to meet defendant's burden; defendant bears the burden of proving his standing. *See State v. Atwood,* 831 P.2d 1056, 1057–58 & n. 1 (Utah App.1992). Such proof is not made by pointing to an *allegation* made by the State, especially where, as here, that allegation is denied by defendant.

Defendant also alludes to a possible "co-defendant exception" to the standing rule. However, the existence of such an exception was recently denied by the United States Supreme Court in *United States v. Padilla,* —— U.S. ——, ——, 113 S.Ct. 1936, 1939, 123 L.Ed.2d 635 (1993) (per curiam). In *Padilla,* the Court reaffirmed the holding in *Rakas,* emphasizing that "[i]t has long been the rule that a defendant can urge the suppression of evidence ... only if that defendant demonstrates that *his*

Fourth Amendment rights were violated." *Id.*

In sum, defendant failed to demonstrate a legitimate expectation of privacy in Reynolds's car, let alone in the car's locked glove compartment. Defendant asserted no property or possessory interest in the objects seized or the areas searched. To the extent he showed at least a subjective expectation of privacy, he has wholly failed to demonstrate that such expectation was reasonable.

## CONCLUSION

Since defendant did not have a legitimate expectation of privacy, he has no standing to challenge the constitutionality of the search. Therefore, the trial court properly denied his motion to suppress the discovered evidence. Accordingly, defendant's conviction is affirmed.

BENCH and BILLINGS, JJ., concur.